IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1 – 52, <br><br> Defendants. | CASE NO. 4:11-CV-4426 <br><br> Judge: <br><br> Magistrate Judge: |

### ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's Motion for Leave to Take Expedited Discovery, the attached Declaration of Peter Hansmeier filed in support thereof, and relevant case law. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Leave to Take Expedited Discovery is GRANTED.

2. Plaintiff may immediately serve each of the Internet Service Providers ("ISPs") listed in Exhibit A to the Complaint with a subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, email address, Media Access Control ("MAC") address, and any other form of contact information that may be used to identify the Doe Defendants to whom the ISP assigned an Internet Protocol ("IP") address as set forth on Exhibit A to the Complaint.

3.  Plaintiff may also serve a subpoena in the same manner as above on any ISP that is identified in response to a subpoena as a provider of internet services to one of the Doe Defendants.

4.  Each of the ISPs that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons:
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[,]

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[,]

by sending a copy of this Order to the Internet subscribers of whom identifying information is sought. Each ISP will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served to respond, so that it may have sufficient time to provide this notice to the subscribers.

5.  Subscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this Court to contest the subpoena. If the thirty-day period lapses without a contest, the ISPs will have ten (10) day thereafter to produce the information in response to the subpoena to Plaintiff.

6.  The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve

to the same individual, or for an IP address that does not provide the name of a unique individual or for the ISP's internal cost to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

7. Plaintiff may only use the information disclosed in response to a subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

Signed at Houston, Texas on January 6, 2012.

_____
Gray H. Miller
United States District Judge